Pouwels, by Guardian *ad litem,* and another, Respondents, vs. Ginsberg, Appellant.

*February 14—March 14, 1944.*

For the appellant there was a brief by *Lehner & Lehner,*
*Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls,
and oral argument by *Howard N. Lehner.*

For the respondents there was a brief by *Alk, Kresky,*
*Cohen & Hughes* and *Meyer M. Cohen,* all of Green Bay, and
oral argument by *Meyer M. Cohen.*

ROSENBERRY, C. J.    The judgment in this case would be
affirmed without opinion were it not for a question of agency
raised during the course of the trial.   The facts necessary to
present that question are undisputed and are as follows: The
defendant's brother Joe, who lived in Milwaukee, was visiting
him in Green Bay.   The defendant was the owner of a 1942
Buick.   About noon of March 14, 1942, the defendant and
his brother intended to go to Kaap's restaurant to have
luncheon with the defendant's wife.   Joe asked the defendant
for permission to drive the car because he wanted to see how
the new 1942 Buick operated.   They entered the car, Joe
sitting on the left-hand side in the driver's seat and the defend-
ant on the right-hand side of the front seat.   They drove to a
place about a block and a half from Kaap's restaurant when
Joe parked the car parallel with the curb.   As the car was
parked the defendant got out on the right-hand or curb side
of the car.   Joe opened the door on the left side of the car
and as it swung out it came in contact with Lewellyn, resulting
in the injuries complained of.

The trial court made the following statement of facts in its
opinion :

"The brother, Joseph, swung open the left front door to step
out onto the street.   The front door is a wide one and swings
forward.   Just as Joseph swung open the door, the plaintiff
came along on his bicycle and as the door swung open, he
[plaintiff] hit some part of the door and was injured."

It is apparent from the evidence that Joe had not left his seat in the automobile but was just getting ready to do so.

The defendant contends that when Joe, the driver of the car, drove it to the curb and stopped the car, his agency terminated. It is the contention of the plaintiff that the agency continued at least until Joe had left the car. While it is true that at the time Joe swung the door open, the car was not in motion, he was performing an act necessarily incident to the main purpose of the trip which was to take luncheon with defendant's wife. The trip was not taken to enable Joe to find out how the 1942 Buick worked,—that was purely incidental. The opening and shutting of the doors of an automobile are part of its operation, just as much as turning the ignition key, shifting gears, or pushing the starter. Certainly Joe could not accompany his brother or drive the car without entering it. He could not go to luncheon without leaving it. Many people consider the manner in which the doors of a car operate to be a matter of considerable importance. In any event, having been given permission to operate the car on the trip and for that purpose to enter it, his preparation to leave the car to go to their destination was necessarily incident to the main purpose. There can be no doubt he had the defendant's consent to enter the car, to operate it, and to leave it.

Restatement, 1 Agency, defines "agency" as follows:

"Sec. 1 (1) Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . ."

The car in this instance was in control of the defendant in that he determined when and where the car should be driven. It is undisputed that Joe was the agent of his brother while the car was being driven. The question for decision is, When did that agency terminate?

Restatement, 1 Agency, sec. 35, is as follows:

"Unless otherwise agreed, authority to conduct a transaction includes authority to do acts which are incidental to it, usually accompany it, or are reasonably necessary to accomplish it."

It is considered that the entire operation commencing with Joe and defendant's leaving defendant's place of business, Joe's entrance into the car, his operation of it, his parking of the car at the curb, his opening of the door preparatory to leaving the car to go to luncheon, was all a part of one transaction. The jury found that the opening of the door under the circumstances was a negligent act. In disposing of motions after judgment the court correctly held:

"The trip was made for the defendant's purpose to transport defendant and brother to have dinner downtown with defendant's wife. The trip was made for the purpose and business of the defendant. The defendant was no guest of the brother, the driver. The original business and purpose of the trip remained that of the defendant even if he did permit his brother to handle the wheel to see how it drove. The trip was not taken for the purpose of the guest brother to find out how the car drove. At all times the car was on defendant's purpose and business."

*By the Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). The decision of the court holds that the owner of an automobile is responsible under the doctrine of *respondeat superior* on the ground that his brother Joe who had been driving the car "to see how it operated" was his agent while negligently opening the door to the left of the driver's seat while getting out of the car after he had parked it and brought it to complete and permanent rest in a proper place. I dissent because in opening the door Joe was not doing anything for the owner of the car, but was acting solely on his own behalf. By the very definition of "agency" quoted in the court's opinion from the Restatement, 1 Agency, sec. 1 (1), to be the agent of another one must be "acting in his

[the other's] behalf." Joe's agency terminated when the car came fully and finally to rest. He was not then operating the car at all and agency existed only while he was operating it.

Restatement, 1 Agency, sec. 35, is quoted as governing the instant case. The rule there stated is not applicable because driving a car "to see how it operated" is not a "transaction" within the meaning of the word as used in the section. The word "transaction," as the notes under the section show, refers to business dealings; it refers to matters growing out of contractual relations; not to acts constituting torts.

The opinion quotes from the opinion of the trial judge and adopted his notion that Joe was to drive the car during the entire trip. Not so. There is nothing in the evidence expressing such intention or warranting such inference. Joe was not the owner's agent "to transport the defendant and brother [Joe] to have dinner downtown with the defandant's wife." The purpose and entirety of the trip had nothing whatever to do with Joe's driving the car or with his agency in driving it. Joe was the owner's agent in operating the car while he was operating it and was not his agent any further or for any other purpose.

The opinion of the court argues that as the owner permitted Joe to drive the car he permitted him to open the door to get into the driver's seat and to open it to get out of it. This is quite true but that permission does not make him liable for Joe's negligence in opening the door. If it does it makes a host liable for a guest's negligence in opening a door of a car to get out when the guest is sitting on the right side of the driver's seat or in the back seat of a four-door car. Manifestly the host is not so liable. When Joe had brought the car to final rest he had the status any other guest would have had who had been invited to dinner with the owner.

The question is so simple that argument is idle. The question merely is: When one is not acting in behalf of another, is he the agent of the other? See definition of "agency" in

Restatement above stated and quoted in the opinion of the court. In other words, when one is not an agent is he an agent? To state the question is to answer it.

I am authorized to state that Mr. Justice FRITZ concurs in this dissent.